UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 08-81108-CIV-RYSKAMP/VITUNAC

TROY J. MANN, individually and on
Behalf of others similarly situated,

      Plaintiff,

v.

BARNARD CONSTRUCTION COMPANY,
INCORPORATED, a foreign corporation
Licensed to do business in the State of Florida,

      Defendant.
_____/

## ORDER DENYING MOTION FOR RECONSIDERATION

THIS CAUSE comes before the Court pursuant to Plaintiff's Motion for Reconsideration, filed August 13, 2009 **[DE 24]**. Defendant responded on August 28, 2009 **[DE 26]**. Defendant replied on September 9, 2009 **[DE 27]**. This motion is ripe for adjudication.

Plaintiff filed this Fair Labor Standards Act ("FLSA") overtime action pursuant to 29 U.S.C. § 216(b) eleven months ago, on September 29, 2008, seeking to represent "similarly situated" employees who worked on a project on Lake Okeechobee. Defendant was to construct an above ground lake approximately 22 miles in circumference at an estimated cost of

$800,000,000.  The Court set March 27, 2009 as the date to join parties; discovery cut-off for August 28, 2009; October 15, 2009 for dispositive motions; and trial for January 11, 2010.

On February 4, 2009, Plaintiff filed a motion for an order allowing notice to be sent to purportedly "similarly situated" employees of a right to opt into the action.  The motion attached affidavits from 37 other employees.  Defendant responded to the motion, but Plaintiff did not reply.

In May 2009, the Court denied Plaintiff's motion.  The Court noted that the motion made no explanation how the employees were similarly situated other than a general statement that they were not paid overtime.  The affidavits did not identify job sites, plus there was a broad range of jobs and hours worked.  None of the affiants stated the circumstances of the alleged nonpayment of overtime.  The proposed class contained no geographic limitation, and Defendant is a nationwide company.  The Court concluded that "the affidavits contain[ed] no indication that these individuals' work experiences mirrored Plaintiff's" and that "[s]uch a showing is insufficient to allow the requested opt-in order." (Order, 3.)

Plaintiff waited until August 13, 2009, three months after the Court's order denying the original motion, and just two weeks before discovery cut-off, to file his Motion for Reconsideration.

Section 216(b) collective actions have two parts: an initial motion for notice that has a lenient standard for plaintiffs, and a later motion to decertify any collective action that has a tougher standard for plaintiffs.  The initial standard is lenient only because at that time no discovery has occurred and the decision to allow notice "is based primarily on pleadings and affidavits."  <u>Anderson v. Cagle's, Inc.</u>, 488 F.3d 945, 953 (11th Cir. 2007) (citing <u>Mooney v.</u>

Aramco Servs. Co., 54 F.3d 1201, 1213-14 (5th Cir. 1995) (overruled in part on other grounds, Desert Palace, Inc. v. Costa, 539 U.S. 90, 123 S.Ct. 2148 (2003)).  The later standard is "stricter" because by then discovery "is largely complete and the matter is ready for trial." Id. (citing Mooney, 54 F.3d at 1214) (quoted in Hipp v. Liberty National Ins. Co., 252 F.3d 1208, 1218 (11th Cir. 2001).

The Court denied the initial motion to allow opt-in notices because the affidavits did not satisfy the lenient notice standard.  The Motion for Reconsideration admits that the initial affidavits were insufficient and contains more affidavits in what Plaintiff's counsel states is an attempt to re-satisfy the notice standard.

Plaintiff requests reconsideration pursuant to Fed.R.Civ.P. 23(c)(i)(c), which provides that "[a]n order that grants or denies class certification may be altered or amended before final judgment."  This matter is a collective action under 29 U.S.C. § 216(b), however, not a class action under Rule 23.  "Rule 23 provisions do not apply to Section 216(b) collective actions." Maddox v. Knowledge Learning Corp., 499 F.Supp.2d 1338, 1342 (N.D. Ga. 2007) (citing Grayson v. K Mart Corp., 79 F.3d 1086, 1106 (11th Cir. 2003)).  There is a "fundamental, irreconcilable difference" between Section 216(b) opt-in collective actions and Rule 23 opt-out class actions.  Grayson, 79 F.3d at 1106 (citing LaChapelle v. Owens Illinois, Inc., 513 F.2d 286, 289 (5th Cir. 1975)).[1]  In the former, no employee is a part of the litigation unless he opts into it; in the latter, all employees are part of the litigation unless they opt out of it.  See id.

A motion for reconsideration must "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Burger King Corp. v. Ashland Equities, Inc.,

---

[1] Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) made binding on the Eleventh Circuit all decisions of the Fifth Circuit decided prior to September 30, 1981.

4

181 F.Supp.2d 1366, 1369 (S.D. Fla. 2002) (citing Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994)).  Three grounds justify reconsideration: (1) an intervening change in controlling law; (2) availability of new evidence; or (3) the need to correct clear error or manifest injustice.  See Sussman, 154 F.R.D. at 694.

Plaintiff does not suggest there has been an intervening change in controlling law.  Nor does Plaintiff suggest that the Court's denying the original motion was clearly wrong or manifestly unjust.  Instead, the Motion for Reconsideration concedes that the initial affidavits were insufficient.  (Motion, 3.)  While Plaintiff has submitted 20 additional affidavits, 19 are from individuals who submitted affidavits with the original motion in February.  "Evidence which was available to a party during the pendency of [an earlier motion] may not later be introduced on a motion to reconsider."  Sussman, 153 F.R.D. at 695.  See Michael Linet, Inc. v. Village of Wellington, 408 F.3d 757, 763 (11th Cir. 2005) (parties may not use evidence "that could have been raised" previously).

Even if the Court were to consider the additional affidavits, they contain many of the same problems as did the initial affidavits.  The 20 affidavits still show a group of individuals that had a wide range of jobs and pay levels.  The affidavits still allege that the purported overtime varies widely.  The affidavits allege non-specific reasons for the workers' reporting early and staying late.  Although the actual allegations in the affidavits seem more specific than the original affidavits, they remain vague and conclusory.  On the face of the affidavits, the employees are not "similarly situated."  It is hereby

<div style="text-align:right">5</div>

ORDERED AND ADJUDGED that Plaintiff's Motion for Reconsideration, filed August 13, 2009 **[DE 24]**, is DENIED.

DONE AND ORDERED at Chambers in West Palm Beach, Florida, this 26th day of October, 2009.

<div style="margin-left:40%">
<u>S/Kenneth L. Ryskamp</u>  
KENNETH L. RYSKAMP  
UNITED STATES DISTRICT JUDGE
</div>